## SNYDER VS. POWERS.

An affidavit of defense should be clear and specific and leave nothing to
inference.

Error to Court of Common Pleas of Lehigh County. No.
82 January Term, 1880.

*Sci. fa. sur* mortgage by Anna M. Powers, assignee of
Samuel A. Bridges, against W. P. Snyder. In an affidavit of
cause of action, plaintiff's attorney averred, that the above
stated *scire facias* is brought and founded on a mortgage given
and executed by William P. Snyder, defendant to Samuel A.
Bridges, for the sum of $2,600, dated November 5, 1875, and
duly recorded in the office for the recording of deeds, at Allen-
town, in Mortgage Book, vol. 22, page 639, and by the said
Samuel A. Bridges duly assigned to Anna M. Powers, plaintiff,
by assignment dated November 5, 1875, and recorded imme-
diately after said mortgage, in the same volume ; that default
was made in the payment of interest, as follows: May 5, 1878;
a balance of $28, interest, remains due and unpaid; November
5, 1878, the sum of $78, interest for six months preceding,
remains due, owing and unpaid ; May 5, 1879, the sum of $78,
interest for six months preceding, remains due, owing and
unpaid ; that at the said times when the said interest became
due, the said defendant was duly notified thereof, and requested
to pay the same, but which he has hitherto neglected and
refused to do ; that the said mortgage is now due and payable,
and that there is due thereon, and that defendant is indebted
thereon to said plaintiff in the sum of $2,600, with interest
from May 5, 1879, and also the above stated amounts of

interest due May 5, 1878, November 5, 1878, and May 5, 1879, aggregating $184 and costs of suit.

Defendant filed the following affidavit of defence : That the mortgage upon which the *scire facias* issued in the above case, is not due until November 5, 1880, and that no *scire facias* can issue upon the same until one year and one day after the same is due, namely, November 6, 1881, unless default of payment of interest be made thirty days after the same is due, viz., upon December 5 and June 5 of each and every year respectively, as can be seen and is recited by the instrument itself, and not, as stated in the affidavit of cause of action, upon "November 5" and "May 5," of each and every year. That it is not true, as alleged in the affidavit of cause of action, that there was a default of payment of interest on May 5, 1879, and that at that time this suit was already brought. That there has been made no default at all in the payment of interest, as alleged by the plaintiff, by this deponent upon "May 5, 1878," "November 5, 1878," "May 5, 1879," respectively. That this deponent paid interest to the plaintiff much in excess to the amount due upon "May 5, 1878," "November 5, 1878," "May 5, 1879," combined. That this deponent did not receive credit therefor, as was promised, and as is right and proper. That this deponent does not owe any interest at all upon said mortgage to the plaintiff at the time of the bringing of the above suit, and will not owe any until November 5, 1879. That the same has been paid in advance, and was to receive credit as such, as was agreed to by this deponent and the proper plaintiff. That, therefore, a *scire facias* cannot issue in the above case, and there can be no judgment against this deponent in the above case, because,

1. The mortgage is not due.

2. There has been no default in the payment of interest made at the time, as alleged by the plaintiff, nor at any other time, because the same was paid and is paid.

3. That the affidavit of cause of action, marked as "filed May 31, 1879," has not been filed ever since in a proper and

legal way, because the same was not placed among the other papers in this case, as is required by law, but was locked up in a private drawer in the Prothonotary's office, at the instance of counsel for plaintiff, and thus prevented this deponent from finding it where it belongs, among the proper papers, and compelled him to inquire for it and find it where it had no right to be. That this deponent believes the same was so put away, and put under lock and key, at the request of counsel for plaintiff, in order to make this deponent believe the same was not yet filed, and thus take judgment by default for want of an affidavit of defence. That this action was sufficient to make the affidavit of cause for action a fraud, and tampering with it. as said above, is disgraceful, and makes it, to say the least, a suspicious instrument, and such as to be inquired into.

All of which this deponent expects to prove at trial, and believes to be true.

The Court below held the averments of the affidavit insufficient, and entered judgment for plaintiff, which is assigned for error.

---

*A.B . Longaker, Esq.*, for plaintiff in error, argued that the affidavit of defence was sufficient, and cited: Bronson vs. Silverman, 77 Pa., 96 ; Moeck vs. Littell, 82 Pa., 356 ; Hogg vs. Orgill, 34 Pa., 344 ; Irons vs. Miller, 7 W., 562 ; Barclay vs. Wainwright, 86 Pa, 191 ; Thompson vs. Clark, 56 Pa., 33 ; Oberle vs. Schmidt, 86 Pa. 221.

*C. J. Erdman, Esq.*, *contra*, argued that the affidavit was insufficient, and cited: Peck vs. Jones, 70 Pa., 83 ; Young vs. Pulte, 1 W. N. C., 38 ; Audebert vs. Young, 1 W. N. C., 276 ; Woods vs. Watkins, 4 Wr., 458 ; Markley vs. Stevens, 7 W. N. C., 357 ; Hossler vs. Hartman, 82 Pa., 53.

The Supreme Court affirmed the judgment of the Common Pleas on March 15, 1880, in the following opinion, per

TRUNKEY, J.:

While it may be true that "a lawyer pleading his own

cause is proverbially careless," yet if he shows fulness, skill and exactness respecting immaterial matters, it is fair to infer that he guarded the vital point with all his strength. The defendant having mistaken the dates when the payments of interest were due, as to them, combats the plaintiff's case with unexcelled precision of statement. With a docket entry before him, "May 31, 1879, affidavit of cause of action and reference to record filed," he sets out at length a charge of an infamous conspiracy between the Prothonotary and the plaintiff's counsel, and it is to be hoped he was as much mistaken in this as in the dates. It is some relief that he got the paper when he inquired for it. We remark that it ought not to be suffered that scandal defile the papers in a cause. Here the accuser and accused are officers of the Court: did the latter conspire to obtain a judgment by foul means? Or is the charge wanton and malicious? If the accuser believed it he could have made it at the right place, when a proper investigation would follow.

On the real point, namely, whether the defendant paid the interest, quite as much ability is shown either to avoid setting forth the facts, or else to make an apparently good affidavit without a specific false statement. That he received the requisite notice is not denied. He does not say if he means the legal or equitable plaintiff by "proper plaintiff," and to whom the alleged payment of interest in advance was made, and the amount of money paid are facts withheld. The averments "that this deponent paid interest to the plaintiff much in excess of the amount due," and "that he does not owe any interest at all upon said mortgage to the plaintiff," constitute the substance of the affidavit of defence, and are insufficient. It has never been held enough to prevent judgment, to say, I paid the debt, or, I do not owe the claim.

The learned Judge of the Common Pleas was clearly right in holding the affidavit defective.

Judgment affirmed.